IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DONNIE B., | ) | |
| | ) | No. 25 C 5511 |
| Plaintiff, | ) | |
| | ) | Magistrate Judge M. David Weisman |
| v. | ) | |
| | ) | |
| FRANK BISIGNANO, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Donnie B. appeals the Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

### Background

On June 24, 2021, plaintiff applied for benefits, alleging a disability onset date of March 1, 2021. (R. 61.) His application was denied initially, on reconsideration, and after a hearing. (R.61-70.) Plaintiff appealed to the Appeals Council, which denied review (R.1-3), leaving the ALJ's decision as the final decision of the Commissioner, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

### Discussion

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 587 U.S. 97, 102-03 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part, sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity ("RFC") to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity from his alleged onset of March 1, 2021 through June 30, 2022, his date last insured ("DLI"). (R. 64.) At step two, the ALJ found that plaintiff has the severe impairments of degenerative disc disease, fracture of the wrist, radius, ulnar styloid and fingers, Sarcoidosis, fracture of the leg, and left wrist fracture. (*Id.*) At step three, the ALJ found that, through his DLI, plaintiff did not have an impairment or combination of impairments that met or equaled a listed impairment. (*Id.*) At steps four and five, respectively, the ALJ found that plaintiff could not perform his past relevant work but had the RFC to perform medium work with certain limitations and because such work exists in significant numbers in the national economy, he is not disabled. (R. 65-66, 68-69, 70.)

Plaintiff contends that the ALJ erred by failing to explain how the evidence supports the RFC for medium work. *See* 20 C.F.R. § 404.1567(c) (defining medium work as work that "involves

2

lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds").) In relevant part, the ALJ said:

> [T]he medical evidence showed the claimant sought only conservative treatment. Furthermore, the objective findings did not support his allegations of significant limitations. The claimant also consistently reported wanting to return to work as a cook, which indicated that he was not as limited as he alleged. In April 2021, the claimant complained of back pain. In late June 2021, the claimant complained of bilateral knee pain. An MRI showed no acute fracture or malalignment (2F/12). During this period, the claimant reported that he was actively looking for a job as a cook. He was seeking assistance with his resume. Despite his assertions of back and knee pain that prevented him from working, the claimant did not report any physical limitations. . . . (2F/100-101).
>
> The claimant reported being involved in a motor vehicle accident in June 2021. An August 2021 MRI of the lumbar spine showed lumbar spondylosis and mild scoliosis with disc bulging from L2-L5 (1F/3). In September 2021, the claimant's back pain reportedly was worse in the morning; however, it was not accompanied by any weakness, numbness, or tingling. There was no paresthesias. The claimant stated he continued to wait for a job in a Veterans Administration kitchen and seek vocational help (2F/58-59, 67). During this period, the claimant reported he was receiving massage therapy. He added that his pain had improved from a 10 out of 10 to a four out of 10 (10 being the worst pain) (3F/6). Physically, the claimant demonstrated normal musculoskeletal tone. He had normal range of motion in his bilateral upper and lower extremities. The claimant demonstrated full strength in his right lower extremity. He had slightly decreased strength in his left lower extremity (5F/268; 4F/76). A subsequent exam found the claimant [sic] April 2022 x-rays of the claimant's lower back showed degenerative changes (5F/146). He hurt himself later when he was riding a scooter, 5F/8. Medical treatment notes show that he recovered from this injury and applied for work (5F/5).

(R. 67.)

Nowhere in this discussion, which the government characterizes as "terse" (ECF 19 at 8), did the ALJ address plaintiff's severe impairments of fractures of the left and right wrists, radius, ulnar styloid, and fingers. Nor did she explain how, given these impairments, the evidence shows that plaintiff can occasionally lift fifty pounds, frequently lift twenty-five pounds, and push and pull arm controls, as medium work requires. *See* 20 C.F.R. § 404.1567(b), (c). It is axiomatic that "all impairments—both severe and nonsevere—[must be] considered in the RFC analysis." *Corkle*

3

*v. Kijakazi,* No. 22 CV 1638, 2023 WL 179983, at *3 (7th Cir. Jan. 13, 2023); *see* 20 C.F.R. § 404.1545(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe' . . . when we assess your residual functional capacity."). The ALJ failed to do so, and that omission is not harmless. Had the ALJ factored plaintiff's arm, wrist, and finger impairments into her RFC, she may have concluded, given plaintiff's advanced age and lack of transferable skills, that he was disabled. *See* 20 C.F.R. § 404, Subpt. P., App'x 2, § 201.00, Table 1. Accordingly, this case must be remanded.

## Conclusion

For the reasons set forth above, the Court reverses the Commissioner's decision and in accordance with the fourth sentence of 42 C.F.R. § 405(g) remands this case to the Commissioner for further proceedings. This case is terminated.

**SO ORDERED.**                               **ENTERED:  January 26, 2026**

**M. David Weisman**
**United States Magistrate Judge**

4